# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: April 12, 2024

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | |
| JAMES MONTGOMERY, | * | |
| | * | |
| Petitioner, | * | No. 21-1983V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Ronald Craig Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.
*Naseem Kourosh*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On September 15, 2023, James Montgomery, ("petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Fees App.") (ECF No. 34). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of **$31,703.97.**

### I. Procedural History

On October 7, 2021, James Montgomery ("petitioner"), filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] (Petition) (ECF No. 1). Petitioner alleged that as a result of receiving the tetanus-diphtheria-acellular pertussis ("Tdap") on February 10, 2019, he suffered from Guillain-Barré syndrome ("GBS"). *Id*. On April 6, 2023, the parties filed a stipulation, which I adopted as my decision awarding compensation on April 7, 2023. (ECF No. 29).

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) (Vaccine Act or the Act. All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On September 15, 2023, Petitioner filed a motion for attorneys' fees and costs. Petitioner requests compensation in the total amount of $32,276.97, representing $30,505.20 in attorneys' fees and $1,771.77 in costs. Fees App. at 2. Pursuant to General Order No. 9, Petitioner warrants he has not personally incurred any costs in pursuit of his claim. (ECF No. 35). Respondent reacted to the fees motion on September 20, 2023, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 36). Petitioner did not file a reply thereafter.

The matter is now ripe for adjudication.

**II.    Analysis**

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). Here, because Petitioner was awarded compensation pursuant to a stipulation, he is entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

   **a.  Attorneys' Fees**

I have reviewed the rates requested by Petitioner for the work of his counsel at Conway, Homer, P.C. (the billing records reflect that the majority of attorney work was performed by Mr. Joseph Pepper with supporting work done by Mr. Ronald Homer, Mr. Nathaniel Enos, Ms. Meredith Daniels, Ms. Lauren Faga, and Mr. Patrick Kelly) and I find the rates requested herein to be consistent with what these attorneys have previously been awarded for their Vaccine Program work and reasonable in light for the work performed in this case.

Turning next to the billed hours, I have reviewed the submitted billing entries and find that the hours billed are largely reasonable. However, a small amount must be reduced for attorney time billed for review of status reports and other routine filings prepared by other attorneys. It is common practice for Conway, Homer, P.C. to have several attorneys assist over the course of a case. In some instances, such as when preparing substantive documents like the petition, briefs, and settlement demands, it is reasonable to have another set of eyes review that document. However, it is not reasonable to have an attorney bill for time to review routine filings, such as status reports and motions for enlargement of time, when those filings were prepared (and billed for) by another attorney. To offset these issues, the undersigned finds a reduction of $573.00 to be appropriate in this case. Accordingly, Petitioner is awarded final attorneys' fees of $29,932.20.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $1,771.77. This amount is comprised of acquiring medical records, postage, one day of travel for an attorney/client visit, and the Court's filing fee. Fees App. Ex. B at 39-41. Petitioner has provided adequate documentation supporting all of his requested costs and Respondent also has not identified any particular costs as objectionable. Petitioner is therefore awarded the full amount of costs sought.

### III. Conclusion

In accordance with the foregoing, I hereby **GRANT** petitioner's motion for attorneys' fees and costs and find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| Attorneys' Fees Requested | $30,505.20 |
|---|---|
| (Reduction of Fees) | ($573.00) |
| **Total Attorneys' Fees Awarded** | **$29,932.20** |
|  |  |
| Attorneys' Costs Requested | $1,771.77 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$1,771.77** |
|  |  |
| **Total Attorneys' Fees and Costs** | **$31,703.97** |

**Accordingly, I award the following: a lump sum in the amount of $31,703.97, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and his attorney, Mr. Ronald Craig Homer.[3]**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance herewith.[4]

**IT IS SO ORDERED.**

<u>/s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).